UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Andre Johnson,** ) | **CASE NO. 1:15 CV 0490** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** ) | |
| ) | |
| Defendant. ) | |

### INTRODUCTION

*Pro se* Plaintiff Andre Johnson filed this action under 42 U.S.C. § 1983 against the State of Ohio. In the Complaint, Plaintiff claims the State of Ohio has committed commercial fraud with regard to his property, the "straw-man trust," and the "Cestui Que (vie) Trusts." (ECF No. 1 at 3). He seeks to "reclaim all property, accounts, assets, etc.... associated with his straw-man trust/Cestui Que vie Trust and any and all property accounts that the Secured Party is legally entitled to." (ECF No. 1 at 25).

### BACKGROUND

Plaintiff's Complaint, although lengthy at 114 pages, is composed entirely of incomprehensible, meaningless rhetoric. Plaintiff is a prisoner in the Mansfield Correctional Institution. He contends that the United States declared bankruptcy in 1933, and all of the people's property has been pledged to the States. He alleges the States use the people as

negotiable instruments, security interests, and bonds "as a transmitting utility, as a surety for the debt." (ECF No. 1 at 3). He contends the courts bond people into the commercial markets to be sold worldwide. He indicates his birth certificate is bought and sold on the stock market and the world banks trade birth certificates. He alleges the States pledge the people's property to back monopoly money. He asserts everything in the courts is turned into a negotiable instrument on the commercial markets and people are assigned a net worth reflected in the price of a bond. He states that all crimes have been converted to commercial crimes with the judge acting as the beneficiary, the individual on trial acting as the trustee, and the prosecutor acting as an executor within the trust matter before the court. Plaintiff contends the only way to overcome this situation is to establish a security agreement between the individual and the straw-man and then file a UCC financing statement "to secure a claim via a superior security interest against the capitalized legal fiction, the property, and the collateral." (ECF No. 1 at 4). He indicates the security interest is placed on the birth certificate and social security account "by and through acceptance of value included in this process is the creation of power of attorney and copyright notice." (ECF No. 1 at 6). He states the individual becomes a secured party creditor...and the filing of the existence of these documents will redeem the natural person and the debtor/straw man from the commercial system... ." (ECF No. 1 at 6). He asks this Court to order the State of Ohio to return all property or assets "that don't belong to them" and "pay the damages for these frauds against the secured party creditor." (ECF No. 1 at 26).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Plaintiff's Complaint contains no factual allegations, no legal causes of action, and no prayer for relief that would address legal causes of action. Although the standard of review for *pro se* pleadings is liberal, it must meet the basic pleading requirements of Federal Civil

Procedure Rule 8. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's legal causes of action are, and the factual grounds upon which they rest. *Id.* Plaintiff's Complaint consists entirely of unsupported, meaningless rhetoric with no basis in law or fact. He, simply, has no viable legal claim that he is a secured party creditor under the UCC or is entitled to relief under any theory of commercial law.

### **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Patricia A. Gaughan
    PATRICIA A. GAUGHAN
Date:   8/11/15       United States District Judge